IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                     Criminal Action No. 3:07CR15
                                     (CHIEF JUDGE BAILEY)

JAMES WALTER SIMMS,

       Defendant.

## REPORT AND RECOMMENDATION THAT LETTER DOCKETED AS A MOTION FOR RECONSIDERATION BE DENIED

### I. Introduction

Defendant was indicted March 27, 2007 as the only defendant in a three count indictment charging three counts of distribution of cocaine base. Defendant pleaded guilty to Count Three of the Indictment July 3, 2007. On November 9, 2007, defendant was sentenced to 57 months imprisonment. Defendant did not appeal. On July 24, 2008, defendant sent a letter to the Court which was docketed as a Motion for Reconsideration.

### II. The Motion

    A.    Contentions of the Parties

Defendant contends that a warrant for a probation violation in another jurisdiction was unlawfully (because the warrant was subsequently dismissed) used to enhance his sentence.

The Government contends defendant's sentence was not enhanced by the pending warrant for probation violation, but rather because he was on probation at the time the distribution of cocaine base occurred.

B. <u>Discussion</u>

Enhancement for other criminal violations is governed by the criminal history section of the sentencing guidelines. The criminal history section of the presentence report is Part B, pages 8 through 12, paragraphs 46 through 69. Paragraph 54 states that on August 2, 2005 defendant was charged with distribution of cds cocaine and possession of a dangerous weapon. On October 28, 2005, defendant was found guilty of both charges and sentenced to five years and two years incarceration, respectively, both suspended, and placed on two years unsupervised probation on both. Paragraph 56 states defendant was on probation for these offenses beginning October 28, 2005 and that a probation violation warrant was issued on June 20, 2007.

The indictment in this case was returned March 20, 2007, alleging unlawful conduct in Count Three of distribution of cocaine base on August 2, 2006. The conduct on August 2, 2006, to which defendant pleaded guilty, occurred while defendant was on probation as set forth above. Defendant's criminal history was not increased by two points because a probation violation warrant was issued. Defendant's criminal history was increased two points because he was on probation at the time the offense in Count 3 was committed. This was required by U.S.S.G. § 4A1.1(d). It made no difference that the probation violation warrant was subsequently dismissed because it was not the probation violation warrant that added two points to defendant's criminal history. The two points were added to defendant's criminal history solely because he was on probation at the time the offense to which he pleaded guilty was dismissed - not because he was in fact charged with a violation of probation.

Finally, even if the two points for committing the offense while on probation were removed, defendant would have four criminal history points which also puts him in Criminal History

Category III. Criminal History Category III is 4,5, or 6 criminal history points. The two points were added properly. Even if the two points were not added, the Criminal History Category would be the same and defendant would have received the same 57 month sentence which was the least possible sentence for offense level 23, Criminal History Category III.

C. Recommendation

For the foregoing reasons, it is recommended defendant's letter docketed as a Motion for Reconsideration be **DENIED**.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days from the date of this Report and Recommendation, file with the Clerk of the Court the written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: January 16, 2009

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE